HOPPER *v*. STATE.

Opinion delivered January 16, 1922.

1.  WITNESSES—IMPEACHMENT—CORROBORATIVE EVIDENCE.—Where, to impeach a State's witness, defendant produced a certified copy of a judgment of a Federal court, showing that the witness had been convicted of robbing a postoffice, it was not error to permit the witness to testify that he was only 19 years old when he committed the crime, that he had been persuaded to commit it by another party, and had pleaded guilty and served 90 days in jail.

2.  CRIMINAL LAW—EVIDENCE.—It was not  error to permit the sheriff, in a prosecution for selling liquor, to testify that a detective had made reports to him as to conditions at defendant's place, and that he had procured a search warrant and found whiskey hidden there.

3.  CONTINUANCE—ABSENT WITNESS—DILIGENCE.—It was not error to refuse a continuance for the absence of a witness where the defendant had announced ready for trial without having asked a subpoena for such witness until after he had testified himself.

4.  WITNESSES—IMPEACHMENT—CORROBORATION.—Where a  State's witness was asked on cross-examination whether he had not avoided the draft and had not been a deserter, to which he answered in the negative, it was not error to allow him to testify that he had served in the army and received an honorable discharge.

5.  CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE.—Where defendant was convicted of selling whiskey largely upon the testimony of a certain witness, newly discovered evidence that such witness was at one time adjudged mentally incompetent, did not call for a reversal where there was no evidence that he was incompetent at the time of the transaction about which he testified or at the time of trial.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Gustave Jones, G. A. Hillhouse, Murphy, McHaney & Dunaway,* for appellant.

The evidence was insufficient. Persons of unsound mind are incompetent to testify. 29 Ark. 603; 31 Ark. 684.

The testimony of the sheriff was hearsay testimony, and it was error to admit it. 76 Ark. 487; 109 Ark. 135; 115 Ark. 555.

The court erred in allowing Cockrum to testify as to his own good character. 67 Ark. 112.

Postponement of the trial should have been granted. 114 Ark. 452; 100 Ark. 301; 99 Ark. 394; 99 Ark. 547.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The testimony was insufficient to support the verdict. It is the province of the jury to determine whether the testimony of a witness is to be believed. 19 Ark. 684.

Where evidence is accepted as true by the jury it must be so treated by this court. 88 Ark. 200. The weight of evidence and credibility of the witness is for the jury. 121 Ark. 45; 216 S. W. 1054.

There was no error in allowing Cockrum to explain his trial and conviction in the Federal Court. 8 Blatchf. 475; 25 Fed. Cas. No. 15,003; 86 S. W. 19; Ency. of Evi. vol. 7, p. 222-224.

If it was error for the trial court to permit the introduction of the military record of Cockrum in evidence, it was invited error, and defendant can not complain. 80 Ark. 587; 86 Ark. 486. Defendant cannot complain of evidence brought out by himself. 104 Ark. 79.

The postponement of the trial was properly refused. Defendant did not comply with the requirement of the statute. C. & M. Dig. § 1270.

The competency or incompetency of a witness to testify is a question for the trial court. 113 Ark. 393.

HART, J. Ed Hopper prosecutes this appeal to reverse a judgment of conviction against him for the offense of selling intoxicating liquor.

The first assignment of error is that the evidence is not legally sufficient to warrant the verdict.

V. C. Cockrum, a detective, was the chief witness for the State. According to his testimony, he was employed by the sheriff of Jackson County, Ark., to find out and report violations of the liquor laws. The sheriff agreed to pay him $5 per day and his expenses for his services. According to his testimony, about a month before the trial, V. C. Cockrum, Ed. Hopper, and Burley Wingo engaged in pitching coins near the barn of Hopper in Newport, Jackson County, Ark., to see who would buy the drinks. Cockrum lost, and they went into Hopper's barn, and each of them took a drink of whiskey from a bottle which was furnished by Hopper. Cockrum paid Hopper $1 for the three drinks of whiskey. Cockrum noticed some little pieces of coal in the glass

cut of which he drank the whiskey, and Hopper said that the coal got in the glass because he kept the whiskey hid in his coal pile.

This testimony, if believed by the jury, was sufficient to warrant a conviction. It is true that the defendant testified that he did not sell the whiskey on the occasion in question, and also introduced three witnesses who testified that Cockrum's reputation for truth and morality was bad, and that, basing their opinion upon that reputation, they would not believe him on oath. This testimony, however, only created a conflict in the evidence, and did not overcome the positive testimony of Cockrum to the effect that he had purchased the whiskey from Hopper. The reason is that the jury were the judges of the credibility of the witnesses. Cockrum's testimony was also weakened on cross examination; but this did not have the effect to overcome it, but only went to his credibility.

The second assignment of error is that the judgment should be reversed because the court erred in permitting Cockrum to explain his conviction of a violation of the Federal Criminal Code. The defendant placed in evidence a certified copy of the judgment of a Federal court in the State of Missouri showing that V. C. Cockrum had been convicted of robbing a postoffice in violation of the Federal Penal Code.

In rebuttal Cockrum was permitted to testify that he was only 19 years of age at the time he committed the crime; that he had been persuaded to commit it by another party, and pleaded guilty and served ninety days in jail in the State of Missouri. He did not deny his guilt, and it was proper for him to testify as to the nature of the crime for which he had been in prison and the circumstances under which it was committed. *Carlson* v. *Winterson,* (N. Y.) 42 N. S. 347, and *South Covington & C. St. Ry. Co.* v. *Beatty,* 50 S. W. 239. The reason is that it was only competent for the defendant to prove that the witness had been convicted of the crime for the purpose of

affecting the credibility of the witness. In view of this, it was not error to allow an explanation of the offense by the witness.

The next assignment of error is that the court erred in allowing the sheriff to testify that Cockrum made daily reports to him for about twenty days and made a report with reference to the conditions at Ed Hopper's place. The sheriff did not attempt to state what Cockrum had reported to him. The sheriff had procured a search warrant and had made a search of Hopper's coal pile, where he found some whiskey hidden. His testimony, therefore, was only explanatory of the main fact. Of course, the sheriff could not have testified to what Cockrum told him, but it was competent for him to testify that he made a search of Hopper's coal pile, because Cockrum had made a report to him, and found liquor hidden in there. It was competent for him to state that he made the search upon Cockrum's making a report to him, but it would not have been competent for him to have stated the facts that Cockrum did report to him. Hence this assignment of error is not well taken.

The next assignment of error is that the judgment should be reversed because the court refused to postpone the case to enable the defendant to have Burley Wingo subpoenaed as a witness in his behalf. It appears that the defendant was tried at the same term of court at which he was indicted, and that Burley Wingo was at Heber Springs, Ark., on the day that the defendant was tried.

Counsel for the defendant claim that, if the trial had been postponed to procure the attendance of Burley Wingo, Wingo would have testified that he was not present on the occasion testified to by Cockrum in this case.

We do not think that the court erred in not postponing the trial on this account. The defendant announced ready for trial and knew that Cockrum was one of the witnesses indorsed on the indictment. The

defendant should have asked for a subpoena for Wingo before he announced ready for trial. He knew what crime he was indicted for and who were the prosecuting witnesses. He does not himself swear that Wingo was not present on the occasion in question. He only testified that he did not sell Cockrum any liquor. It was his duty to prepare for trial, and, not having asked a subpoena for the witness until after the trial had progressed to the point that he himself had testified in the case, it cannot be said that he proceeded with due diligence, and it was within the sound discretion of the court to re-**fuse him a postponement of the trial on this account.**

It is also insisted that the judgment should be reversed because Cockrum was permitted to show that he had served in the army in the late war, and that an award of compensation had been given him by the Government on account of a disability resulting from injury incurred in the line of duty while employed in active service.

We do not think there was any error in this regard. On cross examination the witness was asked if he had not avoided the draft and if he had not been a deserter from the army, and he answered no to each of them. These questions were unnecessarily degrading to the witness, and it was not error to allow him to show that he had served in the army and had received an honorable discharge therefrom. Nothing of a more defamatory nature could be asked a witness, and where such questions are asked and the record shows no foundation for them, it is within the discretion of the court to allow the witness to show that he had served his country as a soldier, instead of evading the draft or deserting from the army.

Finally it is insisted that the judgment should be reversed because the defendant has secured evidence to the effect that the witness Cockrum had been at one time adjudged an incompetent person.

This evidence does not warrant a reversal of the judgment. It does not show that the witness was mentally incompetent at the time of the trial or at the time of the transaction testified about by him. He was present before the court and the jury when he gave his testimony, and the verdict of the jury and the judgment of the court includes a finding by them that he was mentally competent at the time to testify.

We find no prejudicial error in the record, and the judgment will be affirmed.