Wayne ABBOTT *v.* STATE of Arkansas

CR 74-3                                    508 S.W. 2d 733

Opinion delivered May 13, 1974

*Charles R. White,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings, Jr.,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Wayne Abbott was tried and found guilty of two counts of violations of Act 590 of 1971 [Ark. Stat. Ann. §§ 82-2601 — 2638 (Supp. 1973)] which were alleged to have occurred on May 14 and 15, 1972. Specifically, he was originally charged with having possession of amphetamine, a controlled substance, with intent to deliver, in violation of Ark. Stat. Ann. §§ 82-2605 and 82-2617(a)(1)(ii). The information against him was amended to charge violation of 82-2609(b)(1) and 82-2617(a)(1)(ii).

For reversal of the judgment entered pursuant to the jury verdict, appellant first contends that the evidence was insufficient to sustain the verdict. In view of the arguments made on his behalf, no useful purpose would be served by outlining the evidence. Appellant concedes that the testimony given by a police informant, and that given by him, present a conflict with regard to delivery of the controlled substance in question. He contends, however, that this testimony was not sufficient because the issue was erroneously submitted to the jury under a presumption stated by Ark. Stat. Ann. § 82-2617(d) (Art. 4, Sec. 1, of Act 590). We have held a similar instruction improper on an objection to it as a comment on the evidence. *French v. State,* 256 Ark. 298, 506 S.W. 2d 820 (1974). As the state's attorney points out no such objection was made in this case. The objection made was based only on the alleged failure of the prosecution to present sufficient evidence as to the weight of the amphetamine, the substance possessed by appellant according to the testimony presented by the state. Even if we gave the statute the strictest possible construction, as urged by appellant, we could not possibly construe the objection made as an assertion that the instruction was a comment by the court on the evidence. Furthermore, we cannot equate the objection with appellant's proof so as to eliminate the necessity for the state to prove his guilt

beyond a reasonable doubt. The jury was adequately and properly instructed as to the presumption of appellant's innocence and the state's burden to prove him guilty beyond a reasonable doubt — to a moral, but not absolute, certainty.

The giving of the instruction of which appellant complains, over the objection made, was not reversible error. Appellant bases his contention, that the state failed to prove his possession of the requisite quantity of amphetamines, upon the failure of the state chemist in the Drug Abuse Laboratory to test quantitatively the samples sent to the State Health Department. There were two packages, one containing five tablets and the other, ten. Appellant admitted he had 200 of the tablets in his possession on May 14, but claimed that he had them for personal use and took as many as 15 of them on that date. The chemicst who testified was supervisor of the Drug Abuse Laboratory, and had been for eight years. She testified that "we have quantitatively analyzed several of this type tablet" and found them to average about eight milligrams of amphetamine per tablet. She had said that the samples were all similar in size and similarly marked. It certainly would not be unreasonable for the jury to have inferred that Abbott possessed as much as 1600 milligrams of amphetamine. We certainly cannot say there was no substantial evidence that Abbott possessed more than 200 milligrams. *Scott v. State*, 180 Ark. 408, 21 S.W.2d 186.

Appellant also asserts that the state failed to meet its burden of proving him guilty beyond a reasonable doubt and that the evidence, being circumstantial, did not exclude every reasonable hypothesis, other than his guilt. Of course, the determination whether the evidence showed guilt beyond a reasonable doubt was for the jury, not this court. The test here is whether there was substantial evidentiary support for the verdict. *Pharr v. State*, 246 Ark. 424, 438 S.W. 2d 461; *Graves & Parham v. State*, 236 Ark. 936, 370 S.W. 2d 806. We find substantial evidence was presented to the jury, consisting principally of the testimony of a police informant who testified he made the two purchases from Abbott upon which the charges were based. Consequently, the evidence was not totally circumstantial in nature. Assuming that it had been, however, the question whether circumstantial evidence excludes every reasonable hypothesis other than an accused's guilt is usually for the jury, and no greater degree of proof is

required where the evidence is circumstantial. *Hurst* v. *State*, 251 Ark. 40, 470 S.W.2d 815; *Scott* v. *State*, supra. It is only when circumstantial evidence leaves the jury, in determining guilt, solely to speculation and conjecture that we hold it insufficient as a matter of law. *Jones* v. *State*, 246 Ark. 1057, 441 S.W.2d 458; *Rayburn* v. *State*, 240 Ark. 264, 398 S.W.2d 909; *Ledford* v. *State*, 234 Ark. 226, 351 S.W.2d 425. In testing its sufficiency, we must view it in the light most favorable to the state. *Ledford* v. *State*, supra. We are satisfied that there is substantial evidence to support the jury verdict.

Appellant also argues that the court erred in denying his counsel the right to pursue examination of a witness, Larry Tabor, about appellant's character, habits and practices, and the "trend of his activities" around and during the time of the incidents giving rise to his arrest. Actually, there was no effort to establish appellant's character by showing his good reputation. The testimony in question actually involved an attempt by the defendant to show through a companion that Abbott did not have any narcotics in his possession when the two made a trip to Pine Bluff on May 2 or 3. The state's objection of irrelevancy was sustained. No other testimony relating to appellant's character, habits or practices, except his own, was offered. We find no error on this score.

We do not agree with appellant's contention that imposition of the maximum sentence on each charge indicates that the jury verdict was the result of passion and prejudice. Appellant also contends that the sentences are excessive and a deterrent to his rehabilitation. The state, in its brief, reminds us that we have held that review of sentences which are not in excess of statutory limits is not within the jurisdiction of this court because the exercise of clemency is a function of the executive branch of the government under Art. 6, Sec. 18 of the Arkansas Constitution, and this court is not at liberty to reduce a sentence within statutory limits, even though we might think it unduly harsh. *Osborne* v. *State*, 237 Ark. 5, 371 S.W.2d 518. See also, *Hurst* v. *State*, 251 Ark. 40, 470 S.W.2d 815. We are not unaware of Sec. 12, Act 333 of 1971 [Ark. Stat. Ann. § 43-2725.2 (Supp. 1973)] in which an attempt was made to vest this court with the power to reduce a sentence if it is deemed excessive. Although we have previously found it unnecessary to pass directly on the constitutionality of this provision insofar as it might be construed

to empower this court to reduce a sentence otherwise proper and within statutory limits in cases arising after passage of the act,[2] it should be clear that legislative action cannot override constitutional provisions. We strongly intimated that this act was ineffective to overrule the holding in *Osborne* v. *State*, supra, in *Hurst* v. *State*, supra, and cited the case of *People* v. *Odle*, 37 Cal. 2d 52, 230 P.2d 345 (1951). In that case a similar statute was construed by the California court to do no more than authorize it to reduce the punishment, in lieu of granting a new trial, when the only error found on appellate review related to the punishment imposed and was prejudicial. It specifically held that the statute granted no power to modify a sentence where there was no error in the proceeding. To construe the statute otherwise, said the court, speaking through Justice Traynor, would give the reviewing court clemency powers similar to those vested in the Governor by the California Constitution. That court clearly recognized that any construction of the statute extending the power of the appellate court any further would raise serious constitutional questions relating to the separation of powers. We think the construction given to the California statute by that state's Supreme Court was correct and that the same construction should be given our statute. When given that construction, it is clearly constitutional. If construed to give this court the power to reduce a sentence in the absence of error pertaining to the sentence, the statute would be unconstitutional for violation of Art. 6, Sec. 18 and Art. 4, Sec. 2 of the Arkansas Constitution, and upon the authority of *Osborne* v. *State*, supra.

Appellant also asserts that he was deprived of adequate representation of counsel at all stages of the proceeding. The only specifications he makes are the statements in his brief here that the attorney clearly should have made efforts to have other witnesses present who could testify as to occurrences on the days he was charged with having committed the offenses and insufficient examination of appellant when he testified in his own behalf. He fails to name or otherwise identify any absent witness or give any indication whatever as to the nature of the testimony he anticipated could be elicited from any such person. He likewise fails to state what was lacking in his attorney's examination of him or what

[2]See *Hurst* v. *State*, supra; *Tenpenny* v. *State*, 256 Ark. 523, 508 S.W. 2d 752 (1974).

testimony was not offered that should have been. We cannot consider mere statements of conclusions in attempting to determine the adequacy or effectiveness of appointed counsel. See *Stone* v. *State,* 254 Ark. 566, 494 S.W. 2d 715. There are no indications that the trial was reduced to a sham, farce and a mockery of justice, as would be essential to a finding that appellant was deprived of his constitutional right to the assistance of counsel or of due process of law. See *Franklin & Reid* v. *State,* 251 Ark. 223, 471 S.W. 2d 760.

Since we are unable to say that there was reversible error on any ground asserted, either directly or inferentially, by appellant, we affirm the judgment.