Felton ADAMS *v.* STATE of Arkansas

CR 79-201                                   631 S.W.2d 828

Supreme Court of Arkansas
Opinion delivered April 26, 1982

*Robert F. Morehead,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Following our reversal in *Adams v. State,* 263 Ark. 536, 566 S.W.2d 387 (1978), a jury found appellant guilty of aggravated robbery and theft and as-

sessed his punishment at 25 years and 7 years respectively as a habitual offender. We affirm.

We first consider appellant's contention, through court appointed counsel, that the court erred in allowing the state to substitute an expert fingerprint witness the day before trial because of the unexpected illness of the scheduled expert witness. The state had tried to immediately notify appellant's counsel. The trial court denied appellant's motion that the substituted witness be precluded from testifying. However, the court did grant a six day recess to permit defense counsel to interview the witness and investigate his qualifications. No error is demonstrated. *Sumlin v. State,* 273 Ark. 185, 617 S.W.2d 372 (1981).

Neither can it be said that the trial court erred in denying appellant's motion for funds to pay some unknown, unnamed witness to rebut the testimony of the state's substituted fingerprint expert. Admittedly, appellant knew that the state would present a fingerprint expert witness. Further, appellant does not argue nor has he shown that the testimony of a substitute witness would be any different from that of the unavailable witness for which he had admittedly made sufficient preparation.

Appellant asserts that the trial court erred in numerous other instances. A sufficient answer is that we do not consider arguments which are not presented to the trial court and are raised for the first time on appeal in this type of case. *Kitchen v. State,* 271 Ark. 1, 607 S.W.2d 345 (1980); *Sumlin v. State, supra.* The record on appeal is confined to that which is abstracted. *Jones v. Reed,* 267 Ark. 237, 590 S.W.2d 6 (1979). Furthermore, we do not reach a contention when, as here, it is not supported by convincing argument nor authority unless apparent, without further research, the contention is well taken. *Dixon v. State,* 260 Ark. 857, 545 S.W.2d 606 (1977).

Again we find it necessary to emphasize compliance with the procedure set out in Rule 9, Rules of the Supreme Court, Ark. Stat. Ann. Vol. 3A (Repl. 1979), which must be strictly followed in order to enable the court to determine

whether there is merit in any asserted point of error. That necessity was fully discussed in *Randle* v. *State*, 257 Ark. 232, 516 S.W.2d 6 (1974); *Kitchen* v. *State, supra;* and *Jones* v. *Reed, supra.* The mere scattering of transcript references in an appellant's argument is not a sufficient substitute for the requirement of a proper abstract. *Kitchen* v. *State, supra.*

Affirmed.