Jim MULLINS *v.* STATE of Arkansas

CR 82-61                                      639 S.W.2d 514

Supreme Court of Arkansas
Opinion delivered October 4, 1982

*Skillman & Durrett,* by: *V. E. Skillman, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Mullins was charged with having sold "a quantity of controlled substance, to-wit: 100 quaalude tablets containing methaqualone, a Schedule II controlled substance," to an undercover police officer. The jury returned a verdict of guilty, with a 30-year sentence. The only argument for reversal is that the court should not have admitted into evidence the 90 whole tablets and 10 half tablets that remained after the other 10 half tablets had been tested by a chemist at the State Crime Laboratory.

The chemist testified that she received 100 white tablets each monogrammed "Lemon 714," which is the mark used by the Lemon pharmaceutical firm in marketing the drug methaqualone under the name of Quaalude. She selected ten tablets at random for testing, cut them in half, and found by testing ten of the halves that all ten contained methaqualone, a Schedule II drug. She admitted on cross-examination that she could not state on oath just what the other tablets were without having tested them. On the basis of that admission it is argued that the remaining tablets and half tablets should not have been admitted into evidence.

There are two answers to this contention. One, there is not the slightest basis in the record for a speculation that either Lemon or some third person substituted counterfeit tablets for some of those that were sold as Quaaludes. The trial judge could find from the representative sampling and testing of ten tablets that the other ninety were identical. Uniform Evidence Rules 104 (a) and 901 (a), Ark. Stat. Ann. § 28-1001 (Repl. 1979). See also *Abbott* v. *State,* 256 Ark. 558, 508 S.W.2d 733 (1974); *Rhoades* v. *State,* 270 Ark. 962, 607 S.W.2d 76 (Ark. App. 1980).

Two, although the information charged Mullins with having sold 100 tablets, the trial judge without objection instructed the jury that Mullins was charged with the offense of delivering methaqualone and that the State's burden was to prove that Mullins "transferred methaqualone to another person in exchange for money." Under that instruction any question about whether there were ten or a hundred genuine tablets became immaterial, because in either view there was substantial evidence to support the verdict.

Affirmed.