Robert L. JONES *v.* STATE of Arkansas

CR 82-58                              641 S.W.2d 717

Supreme Court of Arkansas
Opinion delivered November 15, 1982

*John H. Bradley,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted by a jury of aggravated robbery (Ark. Stat. Ann. § 41-2102 [Repl. 1977]), and sentenced to forty years' imprisonment. He raises five points on appeal.

Appellant testified and freely admitted his guilt before the jury. He argues that the trial court erred in limiting his testimony which was offered to mitigate the possible punishment. At an in camera hearing, the court had ruled that evidence concerning appellant's personal situation and circumstances in life was inadmissible as not being relevant. However, when the defendant took the witness stand, the court did allow him to testify that he was a factory worker and had been fired, divorced, the father of two children with whom he did not live, had served in the U. S. Marines and was a Vietnam veteran with an honorable discharge and four medals. The court did not permit the appellant to further testify, which was proffered, that he and his wife had separated two months before the alleged offense; it was during the Christmas holidays; he was having trouble seeing his children and had in-law problems; he had lost his home inasmuch as he could not make the payments and neither was he able to pay a lot of bills. However, the record reflects that the arresting officer, on cross-examination, testified that the appellant told him about his problems with his wife and in-laws and that he needed money.

The admissibility of this evidence depends upon whether it is relevant. Relevancy of evidence is within the trial court's discretion and we will not reverse absent a showing of abuse of discretion. Rule 401, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979); *Hamblin v. State,* 268 Ark. 497, 597 S.W.2d 589 (1980); and *Ford v. State,* 276 Ark. 98, 633 S.W.2d 3 (1982). Matters of mitigation of punishment are relevant and appropriate, within the court's discretion, for a jury's consideration in arriving at punishment. In the circumstances, in view of the evidence that

was permitted by the trial court bearing on appellant's personal situation, we cannot say that the trial court abused his discretionary authority in the restriction he placed upon the proffered evidence.

The appellant insists that the trial court erred in not allowing the defendant to explain his prior criminal convictions to the jury. The appellant took the stand to offer testimony as to his good character and for the purpose of mitigating his punishment. He readily admitted that he had been convicted of three previous criminal violations. With respect to a conviction of burglary and grand larceny, appellant's counsel asked: "Did you receive a five year suspended sentence?" The prosecutor's objection was sustained, and the jury was admonished to disregard the sentence but not the conviction. The trial court also sustained an objection that prevented the appellant from explaining a kidnapping charge to which the appellant had pleaded guilty in 1975. His testimony was proffered that he had forced a woman into his car but did not manhandle her, and he had pleaded guilty on the advice of the public defender, who told him it was not really kidnapping.

We have held that no reversible error was committed where the trial court permitted a state's witness to explain the circumstances of an admitted crime, which conviction was used by the defense to impeach his credibility as a witness. The reasoning is that since a conviction affects the witness' credibility, then it is not error to allow an explanation by the witness. *Hopper* v. *State,* 151 Ark. 299, 236 S.W. 595 (1922). See also *Ballew* v. *State,* 246 Ark. 1191, 441 S.W.2d 453 (1969). However, we also have held that no reversible error was committed where a defendant took the stand, was cross-examined with respect to a previous trial for homicide, and was restricted by the trial court to stating only that he had been acquitted. *Lassiter* v. *State,* 137 Ark. 273, 208 S.W. 21 (1919). In other words, when a witness, as here, admits a previous conviction, he is not absolutely precluded from offering any explanation of the offense unless it tends to retry the case and demonstrate innocence. Again, this is an issue of relevancy, and the trial court is permitted a wide range of discretion and will not be reversed absent an abuse

of that discretion. *Hamblin* v. *State, supra.* See also *Harris* v. *State,* 273 Ark. 355, 620 S.W.2d 289 (1981). Although the trial court has discretion in determining the extent that a witness can explain a previous conviction, we think the appellant here should have been permitted to state that his five year sentence was suspended.

The appellant argues that the trial court erred in overruling his objection to the prosecutor's closing argument to the jury during which he referred to appellant's three previous convictions. When the defense attorney objected, the state's attorney responded that he was arguing to the jury the aspect of punishment alone. The court overruled appellant's objection to this argument. The state's closing argument was admittedly "devoted to punishment." Generally, references to prior convictions of the defendant by the prosecution in closing argument are highly prejudicial and may constitute grounds for mistrial. *Shaddox* v. *State,* 243 Ark. 55, 418 S.W.2d 780 (1967). See also *Simmons & Flippo* v. *State,* 233 Ark. 616, 346 S.W.2d 197 (1961). However, such references are not always improper. We have said that the closing arguments of counsel must be confined to the questions in issue, the evidence introduced at trial, and all reasonable inferences and deductions which can be drawn therefrom. *Simmons & Flippo* v. *State, supra.* Here the existence of the previous convictions was not in issue. They were freely admitted. The court instructed the jury during voir dire that appellant's previous convictions should be considered as going to his credibility and not guilt or innocence. Appellant was not charged as being a habitual criminal which provides for enhancement of sentence. In the circumstances, we think it was prejudicial error for the state to have been permitted to argue that the previous convictions should be considered as bearing upon appellant's punishment.

We deem it unnecessary to discuss appellant's other contentions for reversal inasmuch as these asserted errors are unlikely to occur upon a retrial.

Reversed and remanded.