Jerry Lee SUTHERLAND *v.* STATE of Arkansas

CR 86-177                                       728 S.W.2d 496

Supreme Court of Arkansas
Opinion delivered May 4, 1987
[Rehearing denied June 8, 1987.]

*William R. Simpson, Jr.*, Public Defender, *Jerry Sallings*, Deputy Public Defender, by: *Steff Padilla*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. At issue in this case is the admissibility of a statement made by appellant, Jerry Lee Sutherland. The statement concerned a burglary and was made while Sutherland was incarcerated on a drug charge and without

benefit of counsel, even though an attorney had been appointed for Sutherland with reference to the drug charge.The trial court ruled the statement was admissible. Because of a deficient abstract, we are not able to reach this issue on appeal. Accordingly, the judgment of the trial court is affirmed.

The facts, as revealed by the abstract, are as follows. While investigating a gas station burglary, the police interviewed Sutherland. He denied any involvement and the police searched his house and his car. One of the officers found some drugs in Sutherland's house and arrested him for possession of a controlled substance with intent to deliver. Sutherland was incarcerated on the drug charge, arraigned, and appointed an attorney. While still incarcerated on the drug charge, police interrogated him about the burglary. Sutherland was advised of his rights, signed a waiver form, and indicated he did not want an attorney. He then made the statement described in appellant's brief as "inculpatory."

At an omnibus hearing on the burglary charge, Sutherland's attorney learned for the first time that another attorney had been appointed to represent his client on the drug charge before the "inculpatory" statement was taken. In light of this information, the attorney made an oral motion to suppress the statement. The trial judge questioned Sutherland, who admitted that he did not ask for an attorney before the interrogation, although he knew he had a right to one. The judge ruled the statement was admissible.

Sutherland argues on appeal that his statement was inadmissible because it was taken in violation of his sixth amendment right to counsel. There is, however, an obstacle to our ability to review Sutherland's contention. There is no abstract of Sutherland's statement. For this reason, we do not know if it was "inculpatory". The record on appeal is confined to that which is abstracted. *Adams* v. *State*, 276 Ark. 18, 631 S.W.2d 828 (1982). Without knowing the contents of the statement, this court cannot assess the impact its admission had on Sutherland's trial, nor can we determine whether prejudice resulted. We have held that when an error is alleged, prejudice must be shown, since we do not reverse for harmless error. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984).

In *Richardson* v. *State*, 283 Ark. 82, 671 S.W.2d 164

(1984), the same problem arose when the appellant challenged the admission of custodial statements and the statements were not abstracted as required by Sup. Ct. R. 9. We stated in clear terms:

> Whether the nature of the statements requires reversal cannot be determined, as none of the three statements is abstracted and their admission may have been harmless. At least we are not willing to presume that the statements are prejudicial when their content is not divulged and we have no way of knowing whether they are incriminating. Rule 9(d) of the Rules of the Supreme Court provides that appellant's abstract should include "such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision." While the rule uses the word "*only*", that cannot excuse the total omission of exhibits or other material, the substance of which is essential to a determination of whether appellant's argument has merit, and warrants a reversal of the judgment.

In a supplemental opinion issued when rehearing was granted, the court in *Richardson* decided that, while the statements were not abstracted, the court could determine the substance of two of them from other abstracted testimony. Accordingly, in the supplemental opinion, the court held that the statements should have been suppressed. Here, we cannot determine the substance of the statement from the abstracted testimony contained in the briefs. Accordingly, in light of our requirement that an error must be prejudicial before we will reverse a trial court's holding, the omission of Sutherland's statement from the transcript prevents our review of the issue raised in this case. We have no choice but to affirm the trial court's holding.

Affirmed.