John Russell LEE *v.* STATE of Arkansas

CR 88-86                              762 S.W.2d 790

Supreme Court of Arkansas
Opinion delivered January 17, 1989

*Fred D. Davis III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. John Russell Lee was convicted of manufacturing a controlled substance and sentenced to 40 years imprisonment and a $75,000 fine.

Lee, a former Drew County resident, returned to Arkansas after living in California. He and his stepson, Allan Pavatt, spent the night of July 2, 1986 alone at Lee's sister's house in Collins, Arkansas. The state proved to the jury's satisfaction that the men set up a laboratory in the bathroom of the house to manufacture methamphetamine. Evidently, a toxic glue was employed to repair a flask used in the manufacturing process. As the laboratory operated, poisonous fumes spread throughout the house. The fumes killed a cat and a gerbil. Lee and Pavatt were both hospitalized, and Pavatt died.

While investigating the cause of Pavatt's death, the sheriff's office searched the residence and discovered the laboratory. Several other items related to the manufacture of the drug were also found and confiscated. Lee was charged with manufacturing a controlled substance.

Lee makes six arguments on appeal, all of which we find meritless.

Two errors are alleged regarding the prosecutor's closing argument: a comment on an item not in evidence and a comment on the appellant's failure to testify. The appellant did not abstract the closing argument of the prosecuting attorney or the court's rulings but only set them out in the argument section of his brief. See generally *Blount* v. *Hughes*, 292 Ark. 166, 728 S.W.2d 519 (1987).

We find the appellant's failure to include the closing argument in his abstract of the record leaves us unable to deal with these issues. It is fundamental that the record on appeal is confined to that which is abstracted. *Sutherland* v. *State*, 292 Ark. 103, 728 S.W.2d 496 (1987); *Adams* v. *State*, 276 Ark. 18,

631 S.W.2d 828 (1982). We held in *Poyner* v. *State*, 288 Ark. 402, 705 S.W.2d 882 (1986) that the appellant's failure to abstract an opening statement precluded our consideration of any improper comments in the statement.

One of the arguments is meritless for another reason. The alleged comment on an item not in evidence involved a flask which the state contended had been transported by rental truck from California. The flask was introduced in evidence in a box with newspaper on the bottom. It was not clear whether the exhibit consisted of the flask alone, or of the newspaper and box as well.

In closing argument, the prosecutor referred to a statement by the appellant that he had been in California on a certain date. He then referred to the date on the newspaper to show the appellant was "still out in California on the date that that newspaper was printed, and we contend, was used to package . . . the items there." The appellant objected saying the newspaper was never offered into evidence. But earlier in the closing argument, the prosecutor said the following:

> There is something else that you should take into consideration. . . . You'll notice that these flasks are packaged in boxes and that there's newspaper in the bottom of the boxes. . . . The newspaper is the . . . *Los Angeles Times* dated June 23, 1986, some ten days prior to the death of Allan Pavatt. We know that circumstantially we can show that that stuff came on that rental truck.

■ The appellant did not object to this earlier reference to the newspaper. An objection must be timely. *Munnerlyn* v. *State*, 293 Ark. 209, 736 S.W.2d 282 (1987). Here, the allegedly improper reference was already before the jury without objection.

It is argued that the trial judge should have allowed a defense character witness to explain what he knew about a conviction Lee had for theft. The appellant's brother, Frankie Lee, testified Lee had a good reputation for truth and veracity. On cross-examination, he conceded he knew of a conviction for theft against Lee in Chicot County but said his opinion of Lee was unchanged because Lee was innocent of the charge. On redirect, the defense attempted to elicit more information about the conviction. The trial judge would not allow further discussion.

This is testimony by a character witness for the accused, governed by A.R.E. Rules 404 and 405. Should the trial judge have allowed the defense to explore further what the character witness knew? It was a discretionary decision by the judge. In *Jones* v. *State*, 277 Ark. 345, 641 S.W.2d 717 (1982), we dealt with a defendant who wanted to explain the circumstances of a prior conviction. We made this statement:

> When a witness, as here, admits a previous conviction, he is not absolutely precluded from offering an explanation of the offense unless it tends to retry the case and demonstrate innocence. Again, this is an issue of relevancy, and the trial court is permitted a wide range of discretion. . . .

Although that case concerned a witness who was trying to explain his own conviction, the same standard should apply in this case. The issue is still one of relevancy. The witness said his brother was innocent. The trial court had the discretion to prevent a digression to retry that case.

Near the end of its case, the state moved to amend the information to allege that Lee acted "in complicity with Allan Pavatt." The trial judge eventually granted the motion[1] and instructed the jury on accomplice liability over the appellant's objection. Again, we are hampered in our review because the information, jury instructions and some pertinent discussions by the court are not abstracted.

An information may be amended during trial if the nature or degree of the crime is not changed and if the defendant is not prejudiced through surprise. *Jones* v. *State*, 275 Ark. 12, 627 S.W.2d 6 (1982); *Prokos* v. *State*, 266 Ark. 50, 282 S.W.2d 36 (1979). There is no distinction between the criminal responsibility of an accomplice and a principal. *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981). So the nature or degree of the crime did not change.

---

[1] The appellant claims the trial judge never granted the motion to amend the information. At first, the court took the motion under advisement, then denied it. But after further discussion, the court found that "amending the information will not subject the defendant to even the remote possibility of any greater punishment. . . . It does not change the nature of the offense nor the manner in which the alleged offense was committed. I'm satisfied on those points. . . ."

■ The trial judge found the appellant was not prejudiced by the amendment, and we agree. We dealt with a similar situation in *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979). The state asked for an accomplice liability instruction even though the appellant had not been charged as an accomplice. The appellant claimed surprise. We said that an allegation in the information that the accessory himself committed the crime is sufficient even though he only aided and abetted the offense. We also stated that, since there is no distinction between principal and accomplice liability, the appellant was not unfairly surprised.

■ There was sufficient evidence to warrant giving AMCI 401 on accomplice liability. Strong circumstantial evidence supported Lee's complicity, if not his guilt as a principal. Lee and Pavatt were the only occupants of the house. The state proved Lee bought locks and other hardware used to set up and conceal the laboratory. Pavatt's wife testified she saw Lee repairing a glass object that could have been used in the manufacturing process.

The appellant asked for a directed verdict on two grounds: the state had not proved the weight of the controlled substance and, since the substance was not in its final form and fit to be sold, there was only an attempt to manufacture. A directed verdict is a challenge to the sufficiency of the evidence. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

■ The state used a crime laboratory analyst, Gary Sullivan, to prove the weight of the substance. The witness took a portion of the substance from a flask which he had confiscated at the scene, weighed it, then used it to determine the total weight in the flask, which he estimated was 38 pounds. The weight of the pure drug, not including by-products, was then calculated to be 660 grams. Similar testimony of samples has been approved. *See Mullins* v. *State*, 277 Ark. 93, 639 S.W.2d 514 (1982); *Abbott* v. *State*, 256 Ark. 558, 508 S.W.2d 733 (1974).

■ The witness also testified that the substance in the flask could be identified as methamphetamine but "it was not down to the actual powdered out product, which is sold on the streets." The substance does not have to be in a form to be sold before a "manufacture" occurs. The Controlled Substances Act defines manufacture as "the production, preparation, propagation, compounding, conversion, or processing of a controlled sub-

stance. . . ." Ark. Code Ann. § 5-64-101(m) (1987). There is ample evidence that preparation and processing of the drug took place.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I write primarily to call attention to the unfairness with which I believe this court sometimes handles appeals. Many times we refuse to consider an argument because the appellant did not abstract a particular pleading or portion of the trial. On the other hand, we frequently look to the record in order to affirm even though the relevant portion of the record has not been abstracted by the appellee. A good example of this legal inequity is found in the majority opinion where it states: "We find the appellant's failure to include the closing argument in his abstract of the record leaves us unable to deal with this issue." Then, disposing of another point, the majority states: "But earlier in the closing argument, the prosecutor said the following: . . . ."

This last remark leads to my other point of disagreement with the majority. During closing argument the state's attorney commented on a newspaper (which had not been introduced) taken from a packing box containing a flask which was introduced into evidence. The introduction of this particular evidence was as follows:

STATE: State's exhibit 12, do you recognize those as items in the shed?

WITNESS: Yes, sir, they were in the shed also.

. . .

WITNESS: Here is the glass beaker.

STATE: With the yellow —

WITNESS: Tab on it.

STATE: Okay as shown in state's exhibit —

WITNESS: Yes, sir.

STATE: And that flask with the yellow beaker, yellow tab

on it, is state's exhibit No. 48.

. . .

STATE: We would offer to introduce state's exhibit No. 47 A and B and state's exhibit No. 48.

. . .

THE COURT: The boxes with contents labeled 47 A and B for the state are both admitted. Objection noted. And the other one is 48.

STATE: Yes, sir.

THE COURT: What is in box 48? Is that what was referred to as the Erlenmeyer flask?

STATE: Your Honor, I think that is correct.

It is obvious that the only object introduced as exhibit 48 was the flask with the yellow tab on it. It happened that this particular newspaper was in the box containing the flask. The comment by the prosecutor was most likely not prejudicial to the appellant, but the newspaper was never introduced into evidence, and it was improper to allow the state's attorney to comment on it. Had it been offered into evidence, the defense counsel may have had valid questions concerning the newspaper.

Finally, I do not think the evidence supported this conviction for possession of a controlled substance. The material which they had on hand was in the process of being manufactured. The substance was still in a state which could not have been used for human consumption. Obviously, it could not have been sold in its existing state and therefore there could not have been any intent to sell it. I believe the charge should be reduced to an attempt to manufacture a controlled substance.