Charles EVERETT *v.* STATE of Arkansas

CA CR 88-220                                      769 S.W.2d 421

Court of Appeals of Arkansas
Division I
Opinion delivered May 3, 1989

*Bill R. Holloway*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Desha County Circuit Court. Appellant, Charles Everett, appeals from the judgment and commitment order dated Febru-

ary 24, 1988, finding him guilty of two counts of delivery of cocaine, a violation of Arkansas Code Annotated Section 5-64-401 (1987). We affirm.

A felony information was filed November 13, 1986, charging appellant with three counts of delivery of cocaine. The case proceeded to trial and appellant was found guilty by a jury on two of the counts. Appellant was sentenced to a term of twenty years in the Arkansas Department of Correction on one count, a term of ten years imprisonment on the other, and a $25,000.00 fine. The terms of imprisonment were ordered to run concurrently. From the judgment comes this appeal.

In his only point for reversal, appellant argues that the state's use of four of its six peremptory challenges to exclude blacks from the jury violated the Equal Protection Clause of the United States Constitution and denied appellant a fair trial. We find no merit in the argument and affirm the judgment of conviction.

In *Batson* v. *Kentucky*, 476 U.S. 79 (1986), the Supreme Court of the United States held that a criminal defendant has the right to be tried by a jury whose members are selected pursuant to criteria that are nondiscriminatory. The Equal Protection Clause guarantees the accused that the state will not exclude members of his race from the jury venire on account of race or on the false assumption that members of his race as a group are not qualified to serve as jurors. The appellate courts of this state followed the *Batson* rationale in *Ward* v. *State*, 293 Ark. 88, 733 S.W.2d 728 (1987) and *Kidd* v. *State*, 24 Ark. App. 55, 748 S.W.2d 38 (1988).

Under *Batson*, a defendant who alleges improper use of peremptory challenges must establish a prima facie case of purposeful discrimination. If the defendant makes this showing, then the burden shifts to the state to give a neutral explanation for the questioned challenges. In the case at bar, we acknowledge that the trial court adhered to the better practice of requiring the state to give racially neutral explanations for the questioned challenges. However, because we find that the appellant failed to establish a prima facie case of purposeful discrimination, we find it unnecessary to determine the sufficiency of the state's explanations.

In *Batson*, the Supreme Court noted:

> [A] defendant may establish a prima facie case of pur-
> poseful discrimination in selection of the petit jury solely
> on evidence concerning the prosecutor's exercise of pe-
> remptory challenges at the defendant's trial. To establish
> such a case, the defendant first must show that he is a
> member of a cognizable racial group and that the prosecu-
> tor has exercised peremptory challenges to remove from
> the venire members of the defendant's race. Second, the
> defendant is entitled to rely on the fact, as to which there
> can be no dispute, that peremptory challenges constitute a
> jury selection practice that permits "those to discriminate
> who are of a mind to discriminate." Finally, the defendant
> must show that these facts and any other relevant circum-
> stances raise an inference that the prosecutor used that
> practice to exclude the veniremen from the petit jury on
> account of their race. This combination of factors in the
> empaneling of the petit jury, as in the selection of the
> venire, raises the necessary inference of purposeful
> discrimination.

*Id.* at 96 (citations omitted). Because the appellant and the four
veniremen which were struck are black, the issue for resolution
becomes whether the facts and relevant circumstances raise an
inference that the prosecutor used peremptory challenges to
exclude the veniremen from the petit jury on account of their
race.

The United States Supreme Court stated:

> In deciding whether the defendant has made the
> requisite showing, the trial court should consider all
> relevant circumstances. For example, a "pattern" of
> strikes against black jurors included in a particular venire
> might give rise to an inference of discrimination. Similarly,
> the prosecutor's questions and statements during *voir dire*
> examination and in exercising his challenges may support
> or refute an inference of discriminatory purpose. The
> examples are merely illustrative. We have confidence that
> trial judges, experienced in supervising *voir dire*, will be
> able to decide if the circumstances concerning the prosecu-
> tor's use of peremptory challenges creates a prima facie

case of discrimination against black jurors.

*Batson*, 476 U.S. at 96-97.

■ The record on appeal is confined to that which is abstracted. *Sutherland* v. *State*, 292 Ark. 103, 728 S.W.2d 496 (1987). The record in the case at bar does not reveal any questions or statements made during *voir dire* supporting an inference of discriminatory purpose. Also, the record reveals that the state exercised four peremptory challenges to strike black veniremen and two to strike white veniremen. Additionally, two black veniremen were seated on the jury. As stated in *Ward* v. *State*, 293 Ark. 88, 94, 733 S.W.2d 728, 731 (1987), "The best answer the state can have to a charge of discrimination is to be able to point to a jury which has some black members."

■ Since there were several black persons seated on the jury, and the state did not use all of it peremptory challenges to exclude only black veniremen, and the record of *voir dire* does not imply any racial discrimination, we affirm the trial court. The appellant did not make a prima facie case of discrimination as required in *Batson* by showing such facts and circumstances to raise the inference that the prosecutor used strikes to exclude the veniremen from the petit jury solely because of their race.

Affirmed.

CRACRAFT and COOPER, JJ., agree.