James William KING *v.* STATE of Arkansas

CA CR 06-1487                                    266 S.W.3d 205

Court of Appeals of Arkansas
Opinion delivered September 12, 2007
[Rehearing denied October 31, 2007.*]

*William R. Simpson, Jr.*, Public Defender, *Don Thompson*, Deputy Public Defender, by: *Clint Miller*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Farhan Khan*, Ass't Att'y Gen., for appellee.

D.P. MARSHALL JR., Judge. James King appeals his conviction for theft of property from his former employer, Harbor Freight Tools. King argues one point: that this brief record does not contain substantial evidence supporting his conviction.

---

* Originally not designated for publication when delivered September 12, 2007, this opinion was redesignated for publication by the Arkansas Court of Appeals on October 31, 2007.

The State had to prove that King knowingly took, or exercised unauthorized control over, a crane and two winches with the purpose of depriving Harbor Freight of its property. Ark. Code Ann. § 5-36-103(a)(1) (Supp. 2003). We will affirm King's conviction if substantial evidence supports it. Substantial evidence compels a conclusion without any need to speculate. *Ross v. State*, 346 Ark. 225, 230, 57 S.W.3d 152, 156 (2001). To implement our standard of review, we consider only the evidence that supports the conviction. *Lukach v. State*, 310 Ark. 119, 122, 835 S.W.2d 852, 853 (1992).

Viewed in the light most favorable to the State, here is the record. Belinda Strickland testified that she worked with King at Harbor Freight Tools on the day of the alleged theft. She and King's best friend were working at the cash registers. King was working as the stock person, retrieving large items for customers from the back of the store. Near the end of the day, Strickland went to the restroom at the back of the store. When she returned, she "noticed something strange. . . . [T]he register is supposed to be on, . . . [and] I noticed the monitor was off, and [King] had just came up with a shop crane. . . . [T]hen a few minutes later, [King] pushed it out the door." Strickland testified that the normal store procedure called for customers to show a receipt so the cashier will know that they paid for their purchase. She gave no testimony about whether a customer was present when King took the crane out; the reasonable inference from all her testimony about the crane, however, is that she saw no customer. She did not hear King or the other cashier ring up the crane.

Later, while the managers were in the back of the store, Strickland saw King push two winches out the door. She did not hear anyone ring up the winches on the cash register. She did not see any customers inside the store, nor did she see a receipt for the tools. She testified: "They wasn't checked out. . . . And there wasn't even a person there to get it. He just put — unless they was waiting on them outside the door, they wasn't there, he just pushed it out." Strickland reported what she had seen to her manager the next day. Sitting as the finder of fact, the circuit court convicted King of theft.

The State argues first that King did not preserve his sufficiency argument. We hold, however, that King's motions for a directed verdict were specific enough. Ark. R. Crim. P. 33.1(b) and (c). Among other things, he argued:

Your Honor, I'm going to make a motion that the Court dismiss this on a directed verdict. I don't believe that they have presented proof that would say that this employee of the store had stolen any merchandise. She doesn't even say she saw him putting it anywhere. There was something that he was pushing outside, and there weren't even any customers outside.

. . . .

Nothing that the State has presented would offer proof, especially beyond a reasonable doubt, that Mr. King did something that he wasn't supposed to do while he was working at his job on July 7th of 2005.

. . . .

We'll rest, and I'll again renew my motion for a directed verdict that the State hasn't presented proof beyond a reasonable doubt from anybody at the store that could document what was removed, if anything, that wasn't supposed to be taken from the store other than a witness that worked there who is not sure because she couldn't say for certain whether or not property was stolen. She hadn't taken an inventory, she doesn't know if anything was missing.

. . . .

We're asking the Court to find that there's been no evidence that would convince the Court beyond a reasonable doubt that this man stole something from a store, especially of having any particular value that they're alleging in this information.

His motions apprised the circuit court that King challenged the sufficiency of the State's proof that King took or exercised unauthorized control over his employer's equipment, which he routinely moved around. *Williams v. State*, 325 Ark. 432, 435-36, 930 S.W.3d 297, 298 (1996). The court denied both motions. King may therefore question on appeal the sufficiency of the evidence.

On the merits, the evidence against King is circumstantial. We recognize that circumstantial evidence has great probative value. *Ross*, 346 Ark. at 230, 57 S.W.3d at 156. Moreover, circumstantial evidence can be substantial enough to sustain King's conviction if it excludes every other reasonable hypothesis except guilt. *Ibid.* Here it does not. We conclude that the circuit court had to speculate to convict King.

 One of King's jobs for Harbor Freight was to move large equipment. Strickland is not a store manager, nor is she in charge of the inventory. No manager or other store employee testified against King. The State presented no evidence, documentary or oral, of merchandise actually missing from the store's inventory. Strickland acknowledged the possibility that there may have been a customer waiting outside the store for the winches. On this record, there are at least two reasonable hypotheses: King stole the crane and winches or this equipment was sold outside Strickland's presence and she did not see the customers outside the store. The fact-finder had to speculate to choose between these reasonable hypotheses. *Wortham v. State*, 5 Ark. App. 161, 163-64, 634 S.W.2d 141, 142-43 (1982).

The State did not present substantial evidence that King committed theft. We therefore reverse the judgment and dismiss the case.

BIRD and HEFFLEY, JJ., agree.

## SUPPLEMENTAL OPINION ON DENIAL
## OF PETITION FOR REHEARING

*Clint Miller,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Farhan Khan,* Deputy Att'y Gen., for appellee.

D.P. MARSHALL JR., Judge. In an earlier opinion, this court reversed James King's theft conviction because it was not supported by substantial evidence. *King v. State,* CACR 06-1487 (Ark. App. 12 September 2007) (unpublished). The State now petitions for a rehearing to correct an alleged error of law in our decision. It asserts that the determination of whether circumstantial evidence excludes every other hypothesis consistent with the appellant's guilt was solely for the fact-finder to decide. *Carmichael v. State,* 340 Ark. 598, 602, 12 S.W.3d 225, 227 (2000). And citing *Martin v. State,* 346

Ark. 198, 203, 57 S.W.3d 136, 139-40 (2001), the State argues that, as an appellate court, we were not permitted to second-guess the fact-finder's decision.

Indeed, both *Martin* and *Carmichael* have statements that seem to immunize a fact-finder's determination about the sufficiency of the evidence from appellate review. We are grateful to the State for exposing this murkiness in our law. Nevertheless we deny the State's petition for rehearing because, after careful review, we conclude that settled law supports our decision in this case. There is a long line of precedent in which our courts have discussed the appellate standard for reviewing the judgment in a criminal case when the evidence is entirely circumstantial. We take this opportunity to confirm that standard of review.

## I.

First, we note that *Martin* is about corroborating an accomplice's testimony with circumstantial evidence. This is a different issue from the one we face in this case where no alleged accomplice testified. *Martin's* issue, however, is related to the issue here. *Martin* relies on *Johnson v. State* for the proposition that an appellate court may not consider whether the evidence excludes every other reasonable hypothesis but that of guilt. 303 Ark. 12, 17, 792 S.W.2d 863, 865 (1990). That point of law comes from *Cassell v. State*, which correctly recites the substantial-evidence standard for reviewing a conviction based entirely on circumstantial evidence. 273 Ark. 59, 62, 616 S.W.2d 485, 486-87 (1981).

*Cassell's* holding is good law. It follows the special rule we have for circumstantial-evidence convictions:

> In order to sustain a conviction based solely on circumstantial evidence, the circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and incapable of explanation on any other reasonable hypotheses than that of guilt. When the circumstances are of such a character as to fairly permit an inference consistent with innocence, they cannot be regarded as sufficient to support a conviction.

*Ayers v. State*, 247 Ark. 174, 176-77, 444 S.W.2d 695, 696-97 (1969). This standard for reviewing convictions is long-standing and sound:

> In questioning the sufficiency of the proof counsel rely upon the rule, . . . that circumstantial evidence must be consistent with guilt and inconsistent with any other reasonable conclusion. That rule, . . . is usually for the jury (or for the trial judge in a non-jury case),

214

the test in this court being the requirement of substantial evidence. . . . It is only when circumstantial evidence leaves the jury, in determining guilt, solely to speculation and conjecture that we hold it insufficient as a matter of law.

*Brown v. State*, 258 Ark. 360, 361, 524 S.W.2d 616, 616-17 (1975) (George Rose Smith) (citation omitted).

Though clear in its inception, this oft-repeated standard has been clouded by slight modifications in the language of the opinions over time. Cases such as *Carmichael*, on which the State now relies, correctly state the part of the standard identifying the fact-finder's role, but they do not refer to the appellate court's role in reviewing the judgment. These cases include phrases like: "Once a trial court determines the evidence is sufficient to go to the jury, the question of whether the circumstantial evidence excludes every hypothesis consistent with innocence is for the jury to decide." *Gregory v. State*, 341 Ark. 243, 248, 15 S.W.3d 690, 694 (2000); *see also Carter v. State*, 324 Ark. 395, 398, 921 S.W.2d 924, 925 (1996); *Abbott v. State*, 256 Ark. 558, 561-62, 508 S.W.2d 733, 735 (1974); AMI–Crim. 106. This is a correct, but incomplete, statement of our law.

■ *Carmichael* and like cases do not include the important nuance that describes the appellate court's role. A full statement of the standard of review must recognize both parts of the inquiry, the fact-finder's role at trial and the appellate court's role on appeal. In many opinions, the appellate court's role is signaled by using the word "usually" when describing the fact-finder's role. *Brown, supra; Cristee v. State*, 25 Ark. App. 303, 306, 757 S.W.2d 565, 567 (1988) ("whether circumstantial evidence excludes every other reasonable hypothesis is *usually* a question for the jury")(emphasis added); *see also Deviney v. State*, 14 Ark. App. 70, 74, 685 S.W.2d 179, 181 (1985); *Murry v. State*, 276 Ark. 372, 378, 635 S.W.2d 237, 241 (1982); *Smith v. State*, 264 Ark. 874, 880, 575 S.W.2d 677, 681 (1979). In other opinions, however, the second part of the standard is simply omitted, implying that the fact-finder's decision in a circumstantial evidence case is essentially immune from review. That is not the law. Our original standard of review remains intact.

II.

■ On appeal, the question is this: when the evidence is viewed in the light most favorable to the State, does substantial

evidence support the judgment? When the State's case is made of entirely circumstantial evidence, if it leaves the fact-finder to speculation and conjecture, then the evidence is insufficient as a matter of law. *Deviney*, 14 Ark. App. at 74, 685 S.W.2d at 181; *Cristee*, 25 Ark. App. at 306, 757 S.W.2d at 567; *Abbott*, 256 Ark. at 561-62, 508 S.W.2d at 735; *Ledford v. State*, 234 Ark. 226, 230, 351 S.W.2d 425,427-28 (1961); *Scott v. State*, 180 Ark. 408, 412, 21 S.W.2d 186, 188 (1929). Two equally reasonable conclusions about what happened raise only a suspicion of guilt. On appeal, we may consider whether the record — viewed in the light most favorable to the State — presents this situation, and thus required the fact-finder to speculate to convict the defendant. This is the same question the circuit court faces in deciding whether to send the case to the fact-finder at trial. In asking this question we are not doing the fact-finder's job. Instead, like the circuit court, we are weighing whether the evidence was strong enough to put the case in the fact-finder's hands for decision. And we must set aside any judgment based upon evidence that required the fact-finder to rely on speculation and conjecture. *Gregory v. State*, 341 Ark. at 248, 15 S.W.3d at 694; *Carter*, 324 Ark. at 398, 921 S.W.2d at 925; *Smith*, 264 Ark. at 880, 575 S.W.2d at 681.

### III.

■ In King's case, we followed this standard of review. We did not consider any proof that supported King's innocence. We recited the record in the light most favorable to the State. That record was simply insufficient. The State proved only that a co-worker saw King moving the store's hardware out the front door. King's job at the store, however, was to move hardware. Without more, the co-worker's testimony does not prove that King was guilty of exercising unauthorized control over any store item with the purpose of permanently depriving the store of it. Ark. Code Ann. § 5-36-103(a)(1) (Supp. 2003). The circuit court, as the finder of fact, therefore had to speculate to find King guilty. This it may not do.

We stand by our reversal of King's conviction. Petition denied.

PITTMAN, C.J., HART,' BIRD, HEFFLEY and MILLER, JJ., agree.