577 A.2d 928

**COMMONWEALTH of Pennsylvania**

v.

**Lloyd MINOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 1990.

Decided July 18, 1990.

Dennis H. Eisman, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before TAMILIA, HOFFMAN and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County. Appellant was charged with knowing or intentional possession of a controlled substance and manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver. He was adjudged guilty of both charges after a non-jury trial, and was sentenced to a term of incarceration of not less than two (2) or more than eight (8) years. Appellant's motion for reduction of sentence was denied. He then filed the instant timely appeal.

The charges against appellant arose out of an occurrence on May 17, 1988, in which appellant was observed handing a plastic bag filled with packets to another individual. After appellant's arrest, the bag was recovered and two of the packets were analyzed. Those two packets were found to contain 229 and 230 milligrams of cocaine respectively. The lower court extrapolated the weight of the entire bag of fifty packets to be approximately ten (10) grams based on the measured weights of the two packets. On appeal, appellant raises the following issues: (1) whether the lower court, in determining the appropriate offense gravity score under the sentencing guidelines for drug offenses, improperly extrapolated the weight of the entire bag based upon the weights of the measured individual packets; (2) whether the lower court abused its discretion in sentencing appellant "by overemphasizing as a factor that [appellant] proceeded to trial rather than submitting to a guilty plea"; and (3) whether the lower court adequately considered "the positive factors in [appellant's] behalf" when sentencing.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion. *Commonwealth v. Fries*, 362 Pa.Super. 163, 523 A.2d 1134 (1987), *allocatur denied* 515 Pa. 619, 531 A.2d 427 (1987). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be manifestly excessive. *Commonwealth v. White*, 341 Pa.Super. 261,

491 A.2d 252 (1985). The discretion of the sentencing judge must be accorded great weight because he is in the best position to weigh various factors such as the nature of the crime, the defendant's character, and the defendant's displays of remorse, defiance, or indifference. *Commonwealth v. Duffy*, 341 Pa.Super. 217, 491 A.2d 230 (1985).

Appellant has included in his appellate brief a statement of reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P., Rule 2119(f). Thus, he has complied with the procedural requirements for a challenge to the discretionary aspects of sentence. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Accordingly, we may proceed to a determination of whether there is a substantial question that the sentence imposed is not appropriate. 42 Pa.C. S.A. § 9781(b).

█ The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987). "However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.*

█ We have reviewed appellant's brief including his Rule 2119(f) statement and conclude that appellant has stated a substantial question only as to the first issue raised on appeal, *i.e.*, whether the lower court applied the wrong offense gravity score in computing appellant's sentence under the drug offense guidelines as a result of the court's allegedly improper extrapolation of the weight of the entire bag of cocaine packets. Appellant has not stated a substantial question with regard to the remaining issues on appeal because each of those issues challenges the discretion of the court in "overemphasizing" or "failing to adequately consider" certain factors relevant to the sentencing determination, and appellant's Rule 2119(f) statement contains no factual

averments which would suggest that the sentencing scheme as a whole has been compromised. *See Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*) (allegations that the sentencing court "failed to consider" or "did not adequately consider" various factors does not raise a substantial question that the sentence imposed was inappropriate). In fact, allegations of the type raised in appellant's second and third issues on appeal presume that the sentencing court was provided with adequate information on which to base its sentencing decision, and having such information in its possession, will act in accordance with that information. *Id.,* 386 Pa.Superior Ct. at 326, 562 A.2d at 1388, *quoting Commonwealth v. Devers,* 519 Pa. 88, 102, 546 A.2d 12, 18 (1988) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand"). In addition, appellant's second issue has been raised by him for the first time on appeal; thus we will consider it waived. *See Commonwealth v. Dorman,* 377 Pa.Super. 419, 438, 547 A.2d 757, 766 (1988) (claims about the propriety of sentence or irregularities in the proceedings must be raised in a petition to modify sentence or they are waived for purposes of appeal). *See also Commonwealth v. Duden,* 326 Pa.Super. 73, 473 A.2d 614 (1984) (issue of whether trial court considered improper factors in imposing sentence was waived by defendant's failure to raise objection either at sentencing hearing or in petition to modify sentence). We will thus disallow the appeal of the second and third issues appellant has raised but will grant allowance of appeal of appellant's remaining allegation which does raise a substantial question for our review.

Turning to the merits of that issue, we note that in imposing sentence, the sentencing court is to follow the general principle that the sentence imposed should be the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Edward,* 303 Pa.Super. 454, 450 A.2d 15 (1982).

Consistent with that principle, sentencing guidelines have been adopted which set forth standard, aggravated and mitigated ranges of minimum sentences, taking into account and objectifying various factors relevant to sentencing such as the defendant's prior record and the gravity of the offense for which sentence is to be imposed. *See* 204 Pa.Code § 303.1 et seq. The guidelines currently in effect apply to offenses committed on or after the effective date of the guidelines, April 25, 1988. In the instant case, the charges arose out of an offense committed on May 17, 1988; thus, the sentencing guidelines are applicable.

■■■■ Although the sentencing guidelines specify definitive ranges of minimum sentences, the adoption of the guidelines was not intended to preclude judicial discretion. *Commonwealth v. Frazier,* 347 Pa.Super. 64, 500 A.2d 158 (1985). The only constraints placed upon the trial court's discretion in sentencing matters are that the sentence imposed must be within statutory limits and the record must show that the court considered the sentencing guidelines and adhered to the standard set forth above (that the sentence imposed should call for confinement consistent with protection of the public, gravity of the offense, and the rehabilitative needs of the defendant). *Commonwealth v. Stalnaker,* 376 Pa.Super. 181, 545 A.2d 886 (1988).

In the case *sub judice,* the lower court considered the sentencing guidelines relevant to offenses arising from violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113 and found that appellant had committed an offense of the level "E" with respect to the offense gravity score. An offense gravity score of "E" under the guidelines for drug offenses is assigned when the offense involves a violation of 35 P.S. § 780–113(a)(12), (a)(14), or (a)(30) and a quantity of PCP, cocaine, or methamphetamine of two (2) grams to one hundred (100) grams. With an offense gravity score of "E" and a prior record score of zero (0), the standard range of minimum sentence under the guidelines is fifteen (15) to twenty-seven (27) months. An offense gravity score of "F" for the same

offenses would be appropriate if the amount of drugs involved was less than two (2) grams. With an "F" offense gravity score and a prior record score of zero (0), the standard range of minimum sentence would be from six (6) to fifteen (15) months. This is in fact appellant's contention on appeal, that the appropriate offense gravity score for his offenses was "F," and that therefore a minimum sentence of two years was erroneous. The maximum sentence for the offenses of which appellant was convicted is fifteen (15) years. 35 P.S. § 780–113(f)(1). Therefore, the maximum sentence of eight (8) years assigned by the court was within the statutory limits.

■ In selecting an offense gravity score of "E" for appellant's offenses, the lower court extrapolated the amount of cocaine present in the fifty packets seized by multiplying fifty times the amount of cocaine found in two representative packets field tested by a chemist. Such extrapolation yields a quantity well in excess of two grams, the minimum amount for application of the grade "E" offense gravity score. It is this extrapolation which appellant contends was an impermissible exercise of the court's sentencing discretion. For the following reasons, we do not agree that the lower court abused its discretion in this regard.

The practice of testing representative samples of larger quantities of drugs and extrapolating therefrom the total narcotic content of illegal substances is well accepted. In Pennsylvania, this method was approved in *Commonwealth v. Gorodetsky,* 178 Pa.Super. 467, 115 A.2d 760 (1977). In that case, a chemist testified that his analysis of representative samples of eight tablets sold by defendant to a police informant permitted him to conclude that each of the tablets contained more than one fourth (¼) gram of morphine. This evidence was held sufficient to sustain defendant's conviction of possessing or delivering more than the statutorily prohibited amount of the illegal substance. Other jurisdictions have also permitted the use of extrapolation in determining the quantity of illegal drugs. *See Mullins v.*

*State*, 277 Ark. 93, 639 S.W.2d 514 (1982) (trial judge could find from representative sampling and testing of ten of one hundred tablets seized and found to contain methaqualone that the other ninety tablets were identical); *Pama v. State*, 552 So.2d 309 (Fla.Dist.Ct.App.1989) (evidence that experienced law enforcement officer examined twenty bales of a seized substance and identified those bales as containing marijuana was adequate proof that at least twenty of the bales seized contained marijuana); *Asmer v. State*, 416 So.2d 485 (Fla.Dist.Ct.App.1982) (one thousand tablets weighing 795.7 grams was seized; one tablet was tested and found to contain methaqualone; appellant's conviction of trafficking in more than two hundred grams of methaqualone upheld); *Commonwealth v. Shea*, 28 Mass.App.Ct. 28, 545 N.E.2d 1185 (1989) (no basis for reversal of conviction for cocaine trafficking where only five infrared and four ultraviolet tests were made on a total of nine bags seized); *State v. Anderson*, 76 N.C.App. 434, 333 S.E.2d 762 (1985) (evidence sufficient to support finding that defendant possessed more than four grams of heroin where fourteen packets were seized and random samples with a total weight of one gram were taken from three packets); *State v. Mattox*, 13 Ohio App.3d 52, 468 N.E.2d 353 (1983) (evidence that random sample of five tablets taken from ten tablets that defendant had sold police officer contained LSD was substantial evidence from which court could properly conclude beyond a reasonable doubt that all ten tablets contained LSD); *State v. Selph*, 625 S.W.2d 285 (Tenn.Crim. App.1981) (evidence sufficient to convict appellant of selling more than two hundred grams of methaqualone where five tablets of five thousand tablets seized were tested and found to contain methaqualone weighing a total of 1500 milligrams; total weight of tablets seized was 3,824 grams).

The extrapolation of drug quantities was approved in the context of the sentencing phase of a criminal process in *United States v. Fuentes*, 877 F.2d 895 (11th Cir.1989), *cert. denied* — U.S. —— & ——, 110 S.Ct. 347 & 516, 107 L.Ed.2d 335 & 517 (1989). In that case, coast guardsmen

observed brown objects being thrown from a vessel which they were pursuing. Approximately two hundred fifty to four hundred such objects were observed, and were characterized at trial as identically packaged bales. One of these bales, weighing 27.65 grams and identified as a mixture containing marijuana, was entered into evidence. The court concluded that the evidence supported a finding that appellant possessed a mixture containing marijuana well in excess of the statutory figure of one thousand kilograms. *See* The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 960. Therefore, appellant was correctly sentenced to a minimum of ten years imprisonment under that statute.

Extrapolation has also been approved as a legitimate fact-finding process in the context of determining blood alcohol content with regard to offenses arising under the Motor Vehicle Code. In *Commonwealth v. Slingerland,* 358 Pa.Super. 531, 518 A.2d 266 (1986), evidence of a blood test was admitted indicating that appellant's blood alcohol level was 0.13 percent one and one-half hours after the accident. In addition, evidence was offered that appellant had been drinking over the course of the entire evening and that he had not consumed a large quantity of alcohol immediately before operating his motorcycle, as well as appellant's admission that he felt the effect of the alcohol while driving. A majority of a panel of this court held that this evidence was sufficient to permit the jury to infer that appellant's blood alcohol content exceeded the legal limits at the time the accident occurred, one and one-half hours prior to the blood test. A similar result was reached in *Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263 (1986), *allocatur denied* 517 Pa. 594, 535 A.2d 83 (1987) (results of breathalyzer test could support conviction for operating a motor vehicle while having a blood alcohol content of 0.10 percent or greater although test was administered two hours and forty-five minutes after driver's arrest).

■ It is also well-established in this Commonwealth that the identity of illegal narcotic substances may be established by circumstantial evidence alone, without any chemical analysis of the seized contraband. *Commonwealth v. Stasiak,* 305 Pa.Super. 257, 451 A.2d 520 (1982); *Commonwealth v. Leskovic,* 227 Pa.Super. 565, 307 A.2d 357 (1973). Such a policy indicates that the courts will not, in cases involving the sale or use of illegal drugs, constrict their fact-finding function in regard to the identity of drugs to a strict scientific analysis, but will rather permit the use of common sense and reasonable inferences in the determination of the identity of such substances. Given this policy of the courts in regard to the identification of illegal drugs as well as the courts' indication of a willingness to utilize the extrapolation method in previous cases, we conclude that the extrapolation method utilized by the court in this case was a reasonable and appropriate one for determining the quantity of illegal drugs seized for sentencing purposes. In so holding, we also note that we would consider a requirement that each of the fifty packets be individually analyzed an onerous and expensive burden and one not necessary for the effective functioning of the judicial sentencing process. Given these considerations, we hold that the lower court did not abuse its discretion in permitting extrapolation of the quantity of illegal drugs seized from appellant based on a chemical analysis of two of fifty identical packets in determining the appropriate offense gravity score for purposes of sentencing appellant. Thus, the court's selection of an offense gravity score of "E" was appropriate, and appellant's minimum sentence of two years was within the recommended range of minimum sentences under the applicable sentencing guidelines.

Judgment of sentence affirmed.