J-S83033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
              Appellee            :
                                            :
                   v.                  :
                                            :
CHARLES FRAZIER,                    :
                                            :
             Appellant           :       No.  519 WDA 2016

Appeal from the Judgment of Sentence March 11, 2016
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002474-2015

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED: January 11, 2017**

Charles Frazier (Appellant) appeals from the judgment of sentence entered March 11, 2016, following his convictions for possession of a small amount of marijuana and possession of drug paraphernalia.  We affirm.

The trial court aptly summarized the relevant factual history as follows.

> On July 3, 2015, Officer Joshua Allison and Corporal Kevin Fries were patrolling at approximately 2:20 a.m. in a marked car and full uniform when they observed a car fail[] to come to a complete stop at a stop sign.  The officers conducted a traffic stop and illuminated the car with spotlights.  While stopped behind the vehicle, the officers could tell the front passenger[, later identified as Appellant,] was ducking down multiple times.  The officers approached the car and when the windows rolled down they could smell the distinct odor of marijuana.  [Following a search of the vehicle,] Officer Allison found a baggie of marijuana under the front passenger seat where Appellant was seated.  The area was not accessible to anyone else in the car.  Appellant was arrested and transported to the police barracks to

*Retired Senior Judge assigned to the Superior Court.

be processed. Once there, Appellant indicated he smoked marijuana, which was recorded on the intake questionnaire.

During trial, Appellant moved for judgment of acquittal, arguing there was insufficient evidence to support the guilty verdict, as the Commonwealth did not introduce chemical evidence regarding the identity of the substance found. [On January 14, 2016, Appellant was found guilty after a trial by jury of possession of a small amount of marijuana and possession of drug paraphernalia.] On January 25, 2016, Appellant filed a motion for post-trial relief, renewing the []sufficiency argument[, which was denied]. Appellant was sentenced on March 11, 2016 to a total term of 13 months of probation and $600.00 in fines.

On April 11, 2016, Appellant filed a notice of appeal. Appellant filed a concise statement of [errors] complained of on appeal on May 3, 2016[.]

Trial Court Opinion, 5/10/2016, at 1-2 (citations and unnecessary capitalization omitted).

Appellant raises one issue for our review: whether the evidence was sufficient to convict him of possession of a small amount of marijuana and possession of paraphernalia where the Commonwealth "failed to produce a drug analysis lab report of the alleged controlled substance." Appellant's Brief at 2. We address this claim mindful of our well-settled standard of review.

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a

- 2 -

defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Helsel**, 53 A.3d 906, 917-18 (Pa. Super. 2012)

(quoting **Commonwealth v. Bricker**, 41 A.3d 872, 877 (Pa. Super. 2012)

(citations omitted)).

To sustain a conviction for possession of a small amount of marijuana, the Commonwealth was required to prove that Appellant knowingly or intentionally possessed an amount of marijuana less than 30 grams. 35 P.S. § 780–113(a)(31). To sustain a conviction for possession of drug paraphernalia, the Commonwealth was required to prove that Appellant possessed drug paraphernalia for the purpose of, *inter alia*, "storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance." 35 P.S. § 780-113(a)(32).

Appellant does not challenge the sufficiency of the evidence as it relates to possession; rather, he contends that the Commonwealth failed to meet its burden because it never established through chemical analysis the identity of the substance he possessed. Appellant's Brief at 5-8.

Appellant's argument is meritless. It is "well-established in this Commonwealth that the identity of illegal narcotic substances may be established by circumstantial evidence alone, without any chemical analysis of the seized contraband." *Commonwealth v. Minott*, 577 A.2d 928, 932 (Pa .Super. 1990); *see also Commonwealth v. Stasiak*, 451 A.2d 520 (Pa. Super. 1982); *Commonwealth v. Williams*, 428 A.2d 165 (Pa. Super. 1981). *See generally Commonwealth v. Boyd*, 763 A.2d 421, 424 (Pa. Super. 2000) (collecting cases) (recognizing "the Commonwealth may rely on circumstantial evidence to prove the identity of the fluid or material").

Acknowledging the above, the trial court addressed Appellant's argument as follows.

> Officer Joshua Allison and Officer Kevin Fries each testified at trial [that] the substance found under Appellant's seat was marijuana.

> Officer Allison has been a police officer since 2009. He worked in Florida for 4 years before moving back to Pennsylvania. Officer Allison has extensive experience dealing with marijuana and has been involved in over 100 cases, ranging from small amounts to locating the largest outdoor marijuana grow in Pasco County, Florida. He is familiar with the smell of burnt marijuana and unburnt marijuana as well as how it is packaged at different levels of distribution and paraphernalia used to smoke it. Unlike narcotics that have a white powdery appearance and can be difficult to identify, Officer Allison testified marijuana has a distinct look and smell that is unique. In his 6 years of experience, Officer Allison has never had a case or heard of a case where suspected marijuana was determined not to be marijuana after chemical testing.

> In this case, Officer Allison smelled the odor of burnt marijuana as soon as the driver rolled down his window. Officer

Allison found a baggie of the green organic material during the search under Appellant's seat. As soon as he saw the substance, he knew exactly what it was based on "the way it looked, the way it was packaged, and [the] obvious odor of marijuana" which is "very distinct and there's only one thing that smells like marijuana." [Officer Allison testified that n]othing about the [recovered] substance caused any doubts as to its identity.

Corporal Kevin Fries has been a police officer with the City of Erie Police Department for over 16 years and during this time he had been involved in hundreds of drug cases. Based on his training and experience, Corporal Fries is very familiar with the distinct odor associated with marijuana. [In this case, h]e smelled a mix of burnt and unburnt marijuana coming from the vehicle as he approached the passenger side. He testified that he dealt with [marijuana] "all the time on the street" in the course of his patrols. Therefore, he knew the substance recovered from under Appellant's seat was marijuana by its look and smell as soon as he saw it.

Appellant argues the testimony of the officers in this case is not sufficient to prove the substance was marijuana as neither [officer was a member] of the vice unit. However, the unit to which an officer is assigned does not mean he does not have adequate training and experience to identify marijuana. Officer Allison has 6 years of experience; Corporal Fries has over 16 years of experience. Each has extensive training and experience related to drugs generally and marijuana specifically. The fact that neither officer was assigned to the vice unit does not negate that experience. At most, this fact would affect the officers' credibility, a factor for the jurors to consider.

The fact there was no chemical analysis of the substance [recovered] was also a factor for the jury to consider. The officers were questioned extensively about the decision not to test the substance as well as their interpretation of the [Pennsylvania State Police] Bureau of Forensic Services Policy, which guided their decision. The officers explained that a small amount of suspected marijuana, less than 30 grams, was not routinely sent to the Pennsylvania State Police Lab for testing if it could be identified by sensory indicators because of the high expense, the time it took to test the drugs and the backlog faced by the lab. Even if this decision was made based on [a]

misunderstanding of the Policy or the Policy was misconstrued during testimony, the outcome is the same. The drugs were not tested. The jury was fully aware of this fact, as well as the rationale of the officers' decision, in evaluating the evidence presented at trial.

The Commonwealth also introduced an intake questionnaire that recorded Appellants' responses to a series of questions that indicated he [used] marijuana. Not only is this circumstantial evidence [that] the substance found was Appellant's but also that the substance was in fact marijuana.

Based on this evidence, the jury found the Commonwealth proved beyond a reasonable doubt [that] the substance possessed by Appellant was a controlled substance. It was within the province of the jury to pass upon the credibility of [the] witnesses and determine the weight to be accorded the evidence adduced. Giving the Commonwealth all reasonable inferences, sufficient evidence [was] presented at trial for the jury to find the officers credible, despite the lack of chemical testing.

Hence, a review of the record and consideration of the jury's verdict confirms the Commonwealth met its burden of proof with respect to the crime of possession of a small amount of marijuana. As the paraphernalia charged [was] related to the baggie in which the marijuana was found and Appellant is not challenging the sufficiency of the evidence as to possession, the fact [that] the substance was marijuana was proven beyond a reasonable doubt establishes every element of the crime of possession of paraphernalia[.]

Trial Court Opinion, 5/10/2016, at 3-5 (citations and references to notes of testimony omitted).

We agree with the trial court that the evidence presented was sufficient to convict Appellant of possession of a small amount of marijuana and possession of drug paraphernalia. *Minott*, 577 A.2d at 932. Accordingly, based on the foregoing, Appellant's claim that the evidence was

insufficient to support his convictions fails. Thus, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: <u>1/11/2017</u>