J-S08014-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: J.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.P. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1120 WDA 2017 |

Appeal from the Order Dated July 6, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-JV-94-17

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                          FILED FEBRUARY 20, 2018

J.P. appeals from the disposition order, entered in the Court of Common Pleas of Washington County, following his juvenile adjudication for possession of a small amount of marijuana[1] and drug paraphernalia.[2]  J.P. was placed on an indefinite period of probation and ordered to complete a drug and alcohol evaluation, follow through with recommended treatment, complete a victim awareness course, and submit to random drug testing.  After careful review, we affirm.

> At 11:54 p.m. on March 11, 2016, McDonald Borough police officer Michael Dhanse observed a 2014 GMC Sierra SUV traveling in Midway Borough without a functioning front right headlight. Officer Dhanse, therefore, conducted a traffic stop.  [J.P.], a juvenile at the time of the stop, was operating the vehicle.  [J.P.'s]

_____

[1] 35 P.S. § 780-113(a)(31)(i).  An offense under section 780-113(a)(31)(i) is an ungraded misdemeanor.

[2] 35 P.S. § 780-113(a)(32).

_____

*   Former Justice specially assigned to the Superior Court.

girlfriend, M[.]G[.], was sitting in the front passenger seat; there were no other individuals in the vehicle.

Officer Dhanse approached the vehicle and [J.P.] rolled down his window. Upon the window being rolled down, Officer Dhanse smelled an odor of marijuana emanating from the vehicle. Officer Dhanse was trained at the police academy to identify marijuana by smell (burnt and unburnt) and by sight. Officer Dhanse asked [J.P.] if he was on probation. [J.P.] responded that he was on probation for a drug paraphernalia charge, but that the probationary period had recently terminated. Officer Dhanse then requested the assistance of additional officers because he wanted to search the vehicle.

When Officer Bill Nimal appeared, Officer Dhanse asked [J.P.] and M[.]G[.] if there were any drugs or paraphernalia in the vehicle. Both responded, "No." Officer Dhanse asked [J.P.] and M[.]G[.]to exit the vehicle so that Officer Nimal could conduct a search of the vehicle. Officer Nimal found a small amount of marijuana in the front center console between the driver and passenger seats and placed it on the hood of Officer Dhanse's police cruiser. Officer Dhanse identified the substance as marijuana by both sight and smell.

When Officer Dhanse spoke with [J.P.] about the marijuana, [J.P.] admitted that it was marijuana but said that he did not know that it was inside the vehicle "and that it must have been something old that was left inside the vehicle." Based upon these facts, Officer Dhanse filed charges (Written Allegation) of Possession of a Small Amount of Marijuana (M) on February 14, 2017. The juvenile petition was filed on March 21, 2017 based upon said charge. An Amended Petition Alleging Delinquency was later filed to add a charge of Use/Possession of Drug Paraphernalia (M).

The trial court scheduled a hearing before the court[-]appointed juvenile hearing officer, Amanda Fisher[,] for April 21, 2017. [J.P.'s] counsel, Richard Joseph, was unable to attend the hearing and the hearing officer rescheduled the proceeding to May 5, 2017 at his request. At the May 5, 2017 hearing, Mr. Joseph objected to the hearing officer conducting the hearing and requested that the issues be heard by the Court of Common Pleas juvenile judge. That hearing was scheduled for May 18, 2017. At the May 18, 2017 hearing, the District Attorney requested a continuance, which the trial court granted. The adjudicatory hearing was rescheduled for June 1, 2017.

- 2 -

After hearing all of the testimony presented by the Commonwealth and [J.P.] at the June 1st adjudicatory hearing, the trial court adjudicated [J.P.] delinquent. The trial court concluded that the Commonwealth proved . . . beyond a reasonable doubt that [J.P.] possessed a small amount of marijuana and possessed drug paraphernalia. The trial court deferred disposition pending the completion of a psychosocial evaluation. After a disposition[al] hearing on July 6, 2017, the trial court placed [J.P.] on probation for an indefinite period in order for him to complete a drug and alcohol evaluation, follow through with the recommended treatment, complete a victim awareness course, and submit to random drug and alcohol testing.

Trial Court Opinion, 9/13/17, at 1-3 (references to record omitted).

On appeal, J.P. raises the following issues for our consideration:

(1)     Whether the trial court erred in denying [J.P.'s] motion to dismiss under Pa.R.J.C.P. 404B.

(2)     Whether the Commonwealth presented sufficient evidence[3] to sustain the adjudication of delinquency for each count, including:

    a.  Possession of a small amount of marijuana, 35 P.S. [§] 780-113(a)(31)(i); and

    b. Possession of Drug Paraphernalia, 35 P.S. [§] 780-113(a)(32).[4]

_____

[3] The Superior Court will not disturb the lower court's disposition absent a manifest abuse of discretion.  In the Interest of J.D., 798 A.2d 210, 213 (Pa. Super. 2002).  When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof "beyond a reasonable doubt."  In the Interest of A.D., 771 A.2d 45, 48 (Pa. Super. 2001) (en banc).  When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.  Id.

[4] Although listed in his statement of questions in his appellate brief, J.P. does not include a sufficiency of the evidence argument with regard to his adjudication for possession of drug paraphernalia.  Thus, we find that he has abandoned this issue on appeal.

- 3 -

(3) Whether the adjudication of delinquency was against the weight of the evidence on each count, including:

   a. Possession of a small amount of marijuana, 35 P.S. [§] 780-113(a)(31)(i); and

   b. Possession of Drug Paraphernalia, 35 P.S. [§] 780-113(1)(32).

J.P. first argues that the court erred in denying his motion to dismiss, where the delay from the initial traffic stop until his adjudicatory hearing was almost 14 months.

Pursuant to Pa.R.J.C.P. 404(B), an adjudicatory hearing for a non-detained juvenile, "shall be held within a reasonable time." This Court has held that juveniles have a Sixth Amendment right to a speedy trial in delinquency proceedings; however, we have declined to set an exact time limit. See Commonwealth v. Dallenbach, 729 A.2d 1218, 1222-23 (Pa. Super. 1999). There must be a legitimate reason for a delay in scheduling an adjudicatory hearing. See id. In Dallenbach, this Court applied the four-part test enunciated in the United States Supreme Court's decision, Barker v. Wingo, 407 U.S. 514, 530-33 (1972), to determine whether the delay violated a juvenile's speedy trial rights. Specifically, we must examine: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. See Dallenbach, 729 A.2d at 1222.

In Dallenbach, our Court measured the delay under Rule 404 from the time that the juvenile petition was filed to the scheduled adjudicatory hearing — a period of 18 months. Id. Here, there was a period of just over two

months[5] between the date that the juvenile petition was filed (3/21/17) against J.P. and the first scheduled date of his adjudicatory hearing (4/21/17). Because J.P.'s counsel was unable to attend the first scheduled hearing in April 2017, the court rescheduled the proceeding until May 5, 2017. J.P.'s counsel then objected to the hearing officer conducting the adjudicatory hearing and requested that it be heard before a trial court juvenile judge. To accommodate counsel's request, the court rescheduled the hearing again, now for May 18, 2017. At the May 18th hearing, the D.A. requested a continuance because an amended petition alleging delinquency had been filed against J.P. that day. The court granted the D.A.'s request; the hearing was rescheduled and held on June 1, 2017.

Here, unlike in Dallenbach, the just-over two-month delay was not attributable to "the lack of any formal scheduling procedures." Id. In fact, the court proceeded in a timely fashion scheduling a pretrial conference (3/17) and four merit hearings (4/31/17; 5/5/17; 5/18/17; and 7/1/17). Moreover, the first two continuances, at the court's April and early May scheduled hearing dates, were granted in response to J.P.'s counsel's requests.[6]

---

[5] To be exact, the relevant time period was two months, one week and four days.

[6] We note that J.P.'s calculation of time from the date of the stop of his vehicle to the date that the juvenile petition was filed is not the relevant time period enunciated in Dallenbach or cited in Rule 404 (adjudicatory hearing "shall be held within a reasonable time.").

Moreover, other than generally stating that he suffered similar prejudice as did the juvenile in Dallenbach, J.P. offers no specific instances of prejudice other than that the "charges were [held] over [his] head as incentive," and he "was not afforded any [of] the protections, discovery or access to free legal aid as would normally be afforded a criminal defendant." Appellant's Brief, at 9-10. See Commonwealth v. DeBlase, 665 A.2d 427, 438 (Pa. 1995) ("defendant must show impairment of witness' memories; loss of evidence; loss of witnesses; or other specifically articulable facts representing a substantial interference with his ability to conduct a defense."). Again, J.P.'s allegations of prejudice relate to the time period between the traffic stop and the filing of the juvenile petition. He gives no examples of how he was prejudiced during the relevant two-month period under Rule 404.

Under such circumstances, we conclude that the trial court correctly denied J.P.'s motion to dismiss. J.P.'s due process rights to a speedy trial were not violated under the facts of this case where the court held regularly scheduled conferences and hearings, granted two defense continuances, and ultimately held the adjudicatory hearing just a little more than two months after the juvenile petition was filed against J.P.

J.P. next alleges that there was insufficient evidence to sustain his adjudication of delinquency for possession of a small amount of marijuana. Specifically, J.P. claims that the Commonwealth did not prove that the substance found in his vehicle was marijuana where: he merely "confirm[ed] that [the police] found something in car; that 'he was not aware that [the

substance] was inside the vehicle,'" Appellant's Brief, at 11; and where the Commonwealth never received conclusive test results identifying the substance as illegal contraband.[7]

> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Helsel, 53 A.3d 906, 917-18 (Pa. Super. 2012) (citation omitted).

To sustain a conviction for possession of a small amount of marijuana, the Commonwealth was required to prove that Appellant knowingly or intentionally possessed an amount of marijuana less than 30 grams in weight. 35 P.S. § 780-113(a)(31). Moreover, it is "well-established in this Commonwealth that the identity of illegal narcotic substances may be established by circumstantial evidence alone, without any chemical analysis of the seized contraband." Commonwealth v. Minott, 577 A.2d 928, 932 (Pa. Super. 1990).

Instantly, Officer Dhanse testified that when he stopped J.P.'s vehicle, he smelled an odor of marijuana emanating from it. N.T. Adjudicatory

---

[7] At J.P.'s request, the Commonwealth submitted the substance for testing at the Washington County Public Safety Department. However, due to the infancy of the Department's testing system and its incomplete library, it was only able to conclude that it was an organic, vegetable substance.

Hearing, 6/1/17, at 14-16. When Officer Nimal searched the vehicle, he found the substance in the console of the car. Id. at 17-19. Officer Dhanse visually inspected the substance and identified it as marijuana by sight and smell. Id. at 19. Moreover, J.P. admitted that the discovered substance was marijuana. Id. at 19-20. As part of his education and training Officer Dhanse was taught to identify marijuana by sight and smell. Id. at 12-13.

From this evidence, we conclude that the Commonwealth established, beyond a reasonable doubt, that the substance possessed by J.P. was marijuana. Minott, supra (recognizing Commonwealth policy that courts will not, in cases involving sale or use of illegal drugs, constrict fact-finding function in regard to identity of drugs to strict scientific analysis; rather, courts shall permit use of common sense and reasonable inferences in determination of identity of such substances). Moreover, the fact that Officer Dhanse may not have been a drug recognition expert does not negate his training and experience in identifying marijuana.

In his final issue on appeal, J.P. contends that the adjudications were against the weight of the evidence where the court improperly weighed the evidence in favor of the Commonwealth by relying upon J.P.'s admission that the substance found in the car was marijuana and where Officer Dhanse was not qualified to identify the substance as such. Without such evidence to

prove that he possessed an illegal substance, J.P. contends the verdict "shocks one's sense of justice."  Appellant's Brief, at 11.[8]

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. [Commonwealth v.] Brown, 648 A.2d [1177,] 1189 [(Pa. 1994)].  Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. Commonwealth v. Farquharson, [] 354 A.2d 545 ([Pa.] 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Widmer, 744 A.2d 745, 753 (Pa. 2000) (emphasis added).

Our Court will not reweigh the evidence.  Rather, it will only review how the trial court has analyzed the weight of the evidence.  Commonwealth v. Clay, 64 A.3d 1049, 1054 (Pa. 2013).  Consequently, we will not discuss the

_____

[8] We recognize that according to Pa.R.J.C.P. 620(A)(2), "[i]Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues."  However, in In re J.B., 106 A.3d 76, 95 (Pa. 2014), our Supreme Court found that in order for a weight of the evidence claim to be preserved for appellate review, the claim must be presented in some manner to the juvenile court for adjudication in the first instance. Specifically, the juvenile must raise the weight claim at an adjudicatory hearing, a dispositional hearing, or in a post-dispositional motion under Rule 620.  Here, J.P.'s counsel vehemently argued at the conclusion of the adjudicatory and dispositional hearings that there was no evidence or testimony in the case to adjudicate him delinquent.  See N.T. Adjudicatory Hearing, 6/1/17, at 96-99; N.T. Dispositional Hearing, 7/6/17, at 16-18.  Moreover, the trial court addresses the claim in its Rule 1925(a) opinion.  Thus, we find this claim is preserved for purposes of appeal.

various evidence regarding the convictions, but will only examine the trial court's review.

In its Pa.R.A.P. 1925(a) opinion, the trial court identified the correct standard by which it was to assess the weight of the evidence and concluded that the verdict was consistent with the evidence presented at J.P.'s adjudicatory hearing. Accordingly, we find that the trial court acted within its discretion and will not disturb that finding.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2018