J-A05021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                            :

              v.                     :

BASHEER HAIRSTON,         :

              Appellant     :   No. 1770 EDA 2019

Appeal from the Judgment of Sentence Entered May 20, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004763-2018

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:        **FILED:  MARCH 31, 2021**

Appellant Basheer Hairston appeals from the judgment of sentence imposed following his non-jury trial conviction of possession with intent to deliver and possession of a controlled substance.[1]  Specifically, he claims that the evidence failed to establish that he possessed a controlled substance.  We affirm.

On the evening of January 19, 2018, Officer Cerebe, a member of the Narcotics Strike Force Unit of the Philadelphia Police Department, and her partner Officer Rivera,[2] were surveilling a street corner from an unmarked police vehicle.  Officer Cerebe observed a white male approach Appellant,

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

[2] The record does not include the first names of Officers Cerebe or Rivera.

Kareen Hairston, and two other males, who were standing outside of a store on the corner, and engage them in conversation. The white male then walked away, followed by Appellant. Officer Cerebe later explained what she observed after the men walked away:

> After a short conversation, . . . the [Appellant] removed unknown items from his jacket pocket. He appeared to be holding something in his hand. The white male handed [Appellant] a cigarette. [Appellant] then made a motion, an up and down motion, . . . over that item that was in his hand. I could not quite see what the item was. He went like a motion up and down. Handed that cigarette back [to] the white male in exchange for US currency.

N.T. Trial, 2/19/19, at 9-10. Appellant then returned to the store.

Officer Cerebe then observed two additional males, Michael Valton and Carlos Decena, approach the group and engage in a short conversation. Valton and Decena then walked away. Kareen Hairston followed Valton and Appellant followed Decena, meeting with him down the sidewalk. Officer Cerebe described their interaction as follows:

> [] Decena handed [Appellant] an unknown amount of US currency. I then observed [] Decena remove a green cigarette box from his jacket pocket. He removed two cigarettes from that cigarette box, . . . and handed them to [Appellant], . . . who again removed unknown items from his jacket pocket. And appeared, again, to make an up and down motion. He then handed those cigarettes back to [] Decena. [] Decena placed them back in the green cigarette box, put the cigarette box back in his jacket and then left the area southbound on F Street.

*Id.* at 12. After Appellant returned to the corner store, Officer Cerebe radioed the location and description of Appellant to her backup officers.

- 2 -

Officer Mark Anthony testified that he stopped Decena and saw him toss a green Newport cigarette box to the ground. Officer Anthony recovered the cigarette box and found two cigarettes dipped in PCP. ***See id.*** at 21-22. Officer Anthony then attempted to stop Appellant.

> Officer Anthony stated that Appellant "took off and he started reaching for his pocket, he took unknown items and threw them at a fence and it broke, it was glass. Then he took off running." Officer Anthony testified that he returned to the location where he witnessed Appellant throw the glass object immediately after effecting arrest. After a foundation was laid to his expertise, Officer Anthony testified that he could smell the distinct odor of PCP emanating from the broken glass where Appellant had thrown the vial against the metal gate and spilled its liquid contents. Officer Anthony further stated, "It was consistent with what PCP smells like, the way it[']s packaged inside of the jar. **So I knew exactly what I was smelling at that time**." After being asked if what he was smelling came from inside the jar that Appellant had thrown, Officer Anthony responded, "Little pieces of glass fell, you can smell PCP. I'm telling you, the odor is so strong you will remember it."

Trial Ct. Op., 8/5/20, at 5 (record citations omitted) (emphasis in original). Officer Watts[3] then arrested Appellant, who had $1,199 in US currency on his person.

Following a non-jury trial, the trial court found Appellant guilty of possession with intent to deliver and possession of a controlled substance.[4] On May 20, 2019, Appellant was sentenced to one year of probation.

---

[3] The record does not contain Officer Watts' first name.

[4] The trial court found Appellant not guilty of conspiracy.

Appellant timely appealed. On July 11, 2019, the trial court issued an order directing Appellant to file his Rule 1925(b) concise statement of errors within twenty-one days. Appellant did not meet the trial court's deadline, but filed a counseled statement of errors on March 3, 2020, and filed a revised statement on May 27, 2020. Despite Appellant's tardiness, the trial court filed its Rule 1925(a) opinion on August 5, 2020.[5] **See** Pa.R.A.P. 1925.

Appellant raises one question on appeal.

1. Was not the evidence insufficient to find [Appellant] guilty beyond a reasonable doubt of the crimes of possession with intent to deliver and simple possession of a controlled substance in that the evidence failed to prove that [Appellant] ever actually possessed or delivered a controlled substance to another person?

Appellant's Brief at 3.

Appellant claims that the evidence was insufficient to support his conviction because the Commonwealth failed to prove that he possessed a controlled substance. **See id.** at 10. He contends that Officer Anthony's observation of the PCP in the bottle was not credible because Officer Anthony did not collect evidence of the glass shards with PCP on them. **See id.** at 14-15. Appellant further argues that the Commonwealth failed to prove that the PCP dipped cigarettes recovered from Decena came from him. **See id.** at 10.

Our well-settled standard of review is as follows:

---

[5] Because Appellant's counsel eventually filed a Rule 1925(b) concise statement, and the trial court filed an opinion addressing the issue presented, remand for failure to file a timely statement of errors is not necessary. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*).

To determine the legal sufficiency of evidence supporting a . . . verdict of guilty, this Court must view the evidence in the light most favorable to the Commonwealth, which has won the verdict, and draw all reasonable inferences in its favor. We then determine whether the evidence is sufficient to permit a [fact finder] to determine that each and every element of the crimes charged has been established beyond a reasonable doubt. It is the function of the [fact finder] to pass upon the credibility of the witnesses and to determine the weight to be accorded the evidence produced. The [fact finder] is free to believe all, part or none of the evidence introduced at trial. The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the [fact finder] unless the evidence be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Hoffman*, 198 A.3d 1112, 1118 (Pa. Super. 2018) (citation omitted). "Because a determination of evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Williams*, 176 A.3d 298, 305 (Pa. Super. 2017) (citation omitted).

In drug possession cases, the Commonwealth must prove that a defendant knowingly or intentionally possessed a controlled substance. *See* 35 P.S. §§ 780-113(a)(16), (a)(30). However, it is well settled "the existence of narcotic drugs does not have to be prove[n] by chemical analysis and may be prove[n] either by direct or circumstantial evidence." *Commonwealth v. Williams*, 428 A.2d 165, 167 (Pa. Super. 1981). Indeed, this Court has explained that

the identity of illegal narcotic substances may be established by circumstantial evidence alone, without any chemical analysis of the seized contraband. Such a policy indicates that the courts will

not, in cases involving the sale or use of illegal drugs, constrict their fact-finding function in regard to the identity of drugs to a strict scientific analysis, but will rather permit the use of common sense and reasonable inferences in the determination of the identity of such substances.

*Commonwealth v. Minott*, 577 A.2d 928, 932 (Pa. Super. 1990) (citations omitted); *see also Commonwealth v. Leskovic*, 307 A.2d 357, 358 (Pa. Super. 1973) (finding that, even without chemical analysis, there was sufficient evidence to establish the identity of the controlled substance).

Here, the trial court concluded that there was sufficient evidence to establish that Appellant possessed a controlled substance based on the testimony from Officers Cereba and Anthony, and the stipulated testimony of Officer Watts. The trial court explained that

It is of no moment that the police were unable to recapture the spilled PCP that Officer Anthony witnessed Appellant throw from his hand. Officer Anthony testified clearly, unequivocally and credibly that he saw the glass jar in Appellant's hand and personally witnessed Appellant destroying the evidence. Officer Anthony immediately backtracked Appellant's path to the location where he witnessed the evidence destruction. Further, Officer Anthony testified that in his expert opinion as an officer with [twenty-seven] years of experience and having come into contact with PCP "thousands" of times that he smelled the very distinct stench of PCP. Officer Anthony also testified as a fact witness that he observed the glass shards from the precise glass bottle he saw Appellant shatter. Specifically, Officer Anthony stated, "It was consistent with what PCP smells like, the way it's packaged inside of the jar. So I knew exactly what I was smelling at the time." Moreover, [] Decena, the buyer who was arrested, was in possession of the two PCP-dipped cigarettes at the time of his arrest just as Officer Cerebe described. Based on the evidence presented, this Court concluded as the trier of fact, that Appellant threw the bottle of PCP during the pursuit. As such, the evidence presented at trial was more than merely "sufficient" to find Appellant guilty of the aforementioned charges.

Trial Ct. Op. at 9-10 (record citations omitted).

Based on our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that the Commonwealth presented sufficient evidence to establish that Appellant possessed a controlled substance. *See Hoffman*, 198 A.3d at 1118. As noted by the trial court, Detective Cerebe observed a hand-to-hand transaction between Appellant and Decena where Appellant appeared to dip two cigarettes into something and then give them to Decena. *See* N.T. Trial, at 12. When Officer Anthony arrested Decena, he recovered the two cigarettes that had been dipped in PCP. *See id.* at 21-22. Officer Anthony then observed Appellant shatter a glass jar against a fence as he fled. *See id.* at 23. Officer Anthony smelled a distinct odor from the substance that spilled out of the jar, and he identified it as PCP based on his years of experience as a police officer and having smelled PCP thousands of times. *See id.* at 23-24. Finally, the Commonwealth presented evidence that when Appellant was arrested he had $1,199 in US currency on him. *See id.* at 26. Under these circumstances, there was sufficient evidence from which the finder of fact could infer that Appellant possessed a controlled substance, and that he intended to deliver that substance. *See Minott*, 577 A.2d at 932. Therefore, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/21